# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAULA B. WATERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-371-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Paula B. Waters in a decision dated June 6, 2012 (Tr. 12-27). The Appeals Council denied review. The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts

from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and argument are presented in the parties' briefs and will be duplicated only to the extent necessary. Plaintiff argues that the ALJ's opinion is not based upon substantial evidence on the record as a whole because 1) the ALJ improperly weighed the objective medical evidence, 2) the ALJ improperly weighed the opinion evidence, and 3) the ALJ did not properly evaluate the demands of the claimant's past relevant work (Doc. 6). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds no reversible error.

The ALJ discussed in detail the claimant's severe impairments, both physical and mental, the medical and psychological treatment she received, the objective medical findings, and her subjective complaints regarding the severity of her impairments. The description of the RFC itself is detailed, accounts for the claimant's severe impairments, and reflects a review of all the relevant evidence in the case record. *See* Social Security Ruling 96-8p. Furthermore, the ALJ

2

conducted a proper credibility analysis and found many of her subjective complaints not credible. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In reviewing an appeal of the denial of Social Security benefits, a court gives great deference to an ALJ's credibility finding so long as the ALJ "explicitly discredits a claimant's testimony and gives a good reason for doing so." *Buckner*, 646 F.3d at 558 (quoting *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010)).

The ALJ also properly weighed the medical opinions and gave good reasons for the weight he afforded them. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (quoting 20 C.F.R. § 404.1527(d)(2)). The claimant argues that it was error for the ALJ to give greater weight to the opinion of Dr. Rath, the non-treating physican who testified at the hearing, than to the opinion of Dr. True, the claimant's treating psychiatrist. The ALJ gave good reasons for the weight afforded to the opinions in the record. She determined that Dr. Rath's mental functional assessment was most consistent with the evidence in the record. She discounted Dr. True's opinion because it did not contain a functional assessment, but a vague recommendation regarding whether the claimant could work. This is a decision reserved to the commissioner. *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) ("[O]pinions that a claimant is 'disabled' or 'unable to work' concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight."). Because the ALJ explained the reasons for the weight given to the opinions in the record, she did not err. *See Reed*, 399 F.3d at 921.

Finally, the ALJ properly discussed the demands of the claimant's past work as a night auditor at a hotel. The claimant is correct to point out that an ALJ is required to "make explicit findings regarding the actual physical and mental demands of the claimant's past work." *Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir. 1999) (quoting Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991). An ALJ may, however, discharge this duty by specifying the job description

3

listed in the Dictionary of Occupational Titles that describe a claimant's past work. The ALJ here referred to DOT 210.382-054, the listing for night auditor, a skilled, sedentary job. The ALJ found the specific requirements of this job consistent with the claimant's RFC, and therefore determined that the claimant was capable of performing her past work as a night auditor.

Therefore, despite the existence of some evidence in the record that might support the opposite conclusion, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the Court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED: June 30, 2014**

                                               /s/ *David P. Rush*
                                               **DAVID P. RUSH**
                                               **United States Magistrate Judge**